IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAKISHA SHAWN DAY,            )
                              )
        Plaintiff,            )
                              )
v.                            )     Case No: 19-cv-2788-EFM-TJJ
                              )
UNIVERSITY OF KANSAS,         )
                              )
        Defendant.            )

**ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL**

Plaintiff, proceeding pro se and *in forma pauperis*,[1] filed this action arising from an injury she received at her place of employment. This matter comes before the Court on Plaintiff's Motion for Appointment of Counsel (ECF No. 4). Plaintiff requests that the Court appoint counsel to represent her in this case.

While a defendant in a criminal action has a constitutional right to be represented by an attorney, it is well settled that a party in a civil action has no right to appointment of counsel.[2] Under 28 U.S.C. § 1915(e)(1), a court "may request an attorney to represent any person unable to afford counsel." The appointment of counsel under 28 U.S.C. § 1915(e)(1) is a matter within the discretion of the district court.[3] In determining whether to appoint counsel under § 1915(e)(1),

---

[1] *See* Order Granting Leave to Proceed *In Forma Pauperis* (ECF No. 5).

[2] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989).

[3] *Johnson v. Johnson*, 466 F.3d 1213, 1217 (10th Cir. 2006) (a district court has discretion to request an attorney to represent a litigant who is proceeding *in forma pauperis* under 28 U.S.C.

the district court may consider a variety of factors, including: (1) the merits of the litigant's claims, (2) the nature of the factual issues raised in the claims, (3) the litigant's ability to present his/her claims, and (4) the complexity of the legal issues raised by the claims.[4]

Reviewing the Complaint and the present motion under the above-referenced factors, the Court finds that Plaintiff's Motion for Appointment of Counsel should be denied. With regard to the first factor, the Court finds that although it lacks sufficient information to fully assess the merits of Plaintiff's claims, it is not clear that this Court has subject matter jurisdiction over her claims. A review of the pleading and motion filed to date by Plaintiff show that she has the ability to present her claims and adequately communicate the facts upon which her claims are based. If this Court does have subject matter jurisdiction to hear Plaintiff's claims, the legal issues may be relatively straightforward.

In addition, although in filing the motion Plaintiff acknowledged that the court typically requires a party who seeks appointed counsel to have conferred with at least five attorneys who declined to represent the party, Plaintiff has not listed any attorney she conferred with or even attempted to contact.

The Court has reviewed Plaintiff's Motion for Appointment of Counsel under these standards. Where the Complaint provides the only basis upon which the Court can assess the merits of Plaintiff's claims, insufficient information exists to warrant the appointment of counsel

---

§ 1915(e)(1)).

[4] *Hill v. SmithKline Beecham Corp.,* 393 F.3d 1111, 1115 (10th Cir. 2004) (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

at this time. The Court therefore declines to appoint counsel for Plaintiff under 28 U.S.C. § 1915(e)(1).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Appointment of Counsel (ECF No. 4) is denied.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas, on this 21st day of January, 2020.

Teresa J. James
U. S. Magistrate Judge