IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LAKISHA SHAWN DAY,** )<br> )<br>      **Plaintiff,** )<br> )<br>**v.** )<br> )<br>**UNIVERSITY OF KANSAS HOSPITAL** )<br>**AUTHORITY, incorrectly identified as** )<br>**UNIVERSITY OF KANSAS,** )<br> )<br>      **Defendant.** | Case No.:  2:19-CV-02788-EFM-TJJ |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant The University of Kansas Hospital Authority[1] ("Defendant" or "UKHA"), incorrectly identified as University of Kansas, submits the following Memorandum in Support of its Motion to Dismiss Plaintiff's Employment Discrimination Complaint ("Complaint").

**I.   NATURE OF THE CASE**

The nature of this case is not discernible.  Simply based on the caption of the Complaint, the nature of this case appears to be based on employment discrimination.  However, Plaintiff neither has alleged any facts to support any claim of employment discrimination nor has Plaintiff identified any federal statute upon which any claim of employment discrimination may be based.  Plaintiff appears, based on the most liberal interpretation of her allegations in the Complaint, to base the nature of this lawsuit on a workers' compensation retaliation claim, which is not a federal claim.

**II.   CONCISE STATEMENT OF FACTS RELEVANT TO THIS MOTION**

*This statement of "facts" (other than paragraphs one and four) is based on Plaintiff's allegations in the Complaint and attachments to the Complaint.  See <u>Hall v. Bellmon</u>, 935 F.23d 1106, 1112 (10th Cir. 1991) ("A written document that is attached to the complaint as an exhibit*

---

[1] <u>See</u> fn.1 in Defendant UKHA's Motion to Dismiss.

*is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal). The Court must accept these allegations in deciding this motion to dismiss, and UKHA presents them for this limited purpose. UKHA does not admit the truth of all of these allegations and reserves the right to deny these allegations and/or present contrary evidence in subsequent proceedings in this case if this motion is not granted.*

1. Plaintiff Lakisha Day ("Plaintiff") is an African-American woman who resides in Shawnee, Kansas. [Doc. 1, at p.5]

2. Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on September 11, 2019.[2] [Doc. 1, at ¶5].

3. The EEOC issued a Notice of Right to Sue letter, which Plaintiff received on September 11, 2019. See **Exhibit 1.A**, Day's Notice of Right to Sue, which is authenticated at ¶4 of **Exhibit 1** (Chris Wilson Affidavit).

4. Plaintiff filed this action on December 31, 2019. [Doc. 1].

5. Plaintiff filed a motion to appoint counsel. [Doc. 4].

6. The Court denied the motion, finding that the Court was unable to determine if it has subject matter jurisdiction based on Plaintiff's Complaint and finding that Plaintiff's Complaint did not present meritorious allegations of discrimination. [Doc. 6].

### III. QUESTIONS PRESENTED

1. Should the Court dismiss Plaintiff's purported Title VII action when she failed to file it within 90 days after she received her Notice of Right to Sue letter from the EEOC, as required to assert a timely action under Title VII?

---

[2] Plaintiff actually filed her Charge of Discrimination with the EEOC on August 29, 2019. However, Plaintiff mistakenly identified September 11, 2019 – the date on which she received the Right to Sue Notice from the EEOC – as the date on which she filed her Charge of Discrimination. For the purposes of this motion only, UKHA agrees with Plaintiff's contention that she filed her Charge of Discrimination on September 11, 2019.

2. Should the Court dismiss Plaintiff's lawsuit when she fails to identify any federal statute upon which her lawsuit is based?

3. Should the Court dismiss Plaintiff's lawsuit when she fails to allege facts upon which any cognizable claim may be based?

## IV.   ARGUMENT AND AUTHORITIES

### A.   Standards for Deciding the Motion

#### *1.   Motion to Dismiss Standard*

This Court recited the standard for deciding a motion to dismiss:

> In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court assumes as true all well pleaded facts in plaintiff's complaint and views them in a light most favorable to plaintiff. A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. "In other words, plaintiff must allege sufficient facts to state a claim that is plausible-rather than merely conceivable-on its face." The court makes all reasonable inferences in favor of plaintiff. The court need not accept as true those allegations that state only legal conclusions.

McCarty v. Bailey, Case No. 08-4006-JAR, 2008 U.S. Dist. LEXIS 52825, at *3-4 (D. Kan. Jun. 12, 2008) (footnotes with citations omitted).  "Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but need not afford such a presumption to legal conclusions.  Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities."  Gardenhire v. Solomon Corp., No. 19-01001-EFM, 2019 WL 2409610, at *1 (D. Kan. June 7, 2019) (citations omitted).

The Court can consider documents attached to the Complaint in deciding this case as a motion to dismiss for failure to state a claim upon which relief can be granted.  But if the Court's ruling is based on its consideration of factual materials outside the pleadings, then the motion

should be decided as a motion for summary judgment.  Hay v. Fernando, Case No. 04-3481-JAR, 2005 U.S. Dist. LEXIS 33229, at *8-9 (Dec. 10, 2005).

### 2. *Motion for Summary Judgment Standard*

Summary judgment is appropriate when a party "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  "'[S]ummary judgment is not a 'disfavored procedural shortcut;' rather, it is an important procedure 'designed to secure the just, speedy and inexpensive determination of every action.'" Peterson v. Exide Corp., 123 F. Supp. 2d 1265, 1269 (D. Kan. 2000) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986)).  The moving party bears the initial burden of showing the absence of any genuine issue of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."  Applied Genetics Int'l. Inc. v. First Affiliated Secs., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).  The nonmoving party may not rest on its pleadings, but must set forth specific facts.  Applied Genetics, 912 F.2d at 1241.

### 3. *Standard for Construing Pro Se Pleadings*

While the Court "must construe *pro se* pleadings liberally," it "need only accept as true plaintiffs 'well-pleaded factual contentions, not his conclusory allegations.'" Loggins v. Cline, Civil Action No. 07-3113-JAR, 2008 U.S. Dist. LEXIS 59199, at *5 (quoting Tenth Circuit cases).  It is not "the proper function of the district court to assume the role of advocate for the pro se litigant," and the Court should not "construct arguments or theories for the plaintiff" or "supply additional factual allegations to round out a plaintiffs complaint."  Bey v. Douglas

4

County Correctional Facility, Civil Action No. 08-3036-JAR, 2008 U.S. Dist. LEXIS 54703, at *4 (D. Kan. July 15, 2008) (quoting Tenth Circuit cases).  Moreover, pro se plaintiffs are subject to and must follow procedural rules governing all litigants.  Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992); Boatright v. Bell, Civil Action No. 05-3183-JAR, 2008 U.S. Dist. LEXIS 24767, at *2 (D. Kan. Mar. 26, 2008).  Even a pro se plaintiff bears the burden of alleging "enough facts to state a claim to relief that is *plausible* on its face."  Bafford v. Pokorski, Civil Action No. 07-3230-SAC, 2008 U.S. Dist. LEXIS 55006, at *3 (D. Kan. July 17, 2008) (quoting Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007), and applying it to a pro se plaintiff).

    **B.**  **The Court Should Dismiss This Action Because It Is Untimely**

A complainant has ninety days in which to file a Title VII lawsuit after receipt of an EEOC right-to-sue letter.  42 U.S.C. § 2000e-5(f)(1).  If a lawsuit is filed more than ninety days after the plaintiff receives the notice, the action is untimely and must be dismissed.  Shelby v. Mercy Reg'l Health Ctr., No. 07-4147-EFM, 2009 WL 1067309, at *3 (D. Kan. Apr. 21, 2009) (granting employer's motion to dismiss pro se plaintiff's Complaint because plaintiff failed to provide a sufficient factual basis to plausibly state a claim of discrimination or harassment against his employer under Title VII); Brown v. Unified School Dist. 501, 465 F.3d 1184, 1186 (10th Cir. 2006); Palenske v. Westar Energy, Inc., 11 Wage & Hour Cas. 2d (BNA) 91 (D. Kan. Oct. 5, 2005).

72369280.3

Plaintiff received her notice-of-right-to-sue letter from the EEOC on September 11, 2019. She did not file his lawsuit until December 31, 2019-one hundred and eleven days later.[3] Accordingly, the lawsuit was not timely filed and must be dismissed.

### C. The Court Should Dismiss This Lawsuit Because It Fails To Identify Any Federal Statute Upon Which It Is Based.

Plaintiff fails to identify or in any way indicate any federal statute upon which her lawsuit may be based anywhere in her Employment Discrimination Complaint. [Doc. 1]. Specifically, Plaintiff fails to identify which of the suggested federal statutes in her Employment Discrimination Complaint was purportedly violated. [Doc. 1, at ¶1]. Accordingly, this Court must dismiss Plaintiff's Employment Discrimination Complaint because it does not state or otherwise identify any federal claim upon which relief may be based.

### D. The Court Should Dismiss This Lawsuit Because Plaintiff Fails To Allege Any Facts Upon Which A Cognizable Claim May Be Based.

Even under the most liberal interpretation, Plaintiff's Employment Discrimination Complaint must still be dismissed due to Plaintiff's failure to plead any facts upon which any cognizable federal or even state claim may be based. Plaintiff admittedly alleges in her Employment Discrimination Complaint that she happens to be "black" and "Christian" and that

---

[3] Plaintiff's Complaint was still filed well beyond 90 days from the date of Plaintiff's receipt of her Right to Sue Notice even if this Court presumes for mailing purposes that Plaintiff received the Notice on September 16, 2019, which is five days after the date of the Notice. Gardenhire v. Solomon Corp., No. 19-01001-EFM, 2019 WL 2409610, at *2 (D. Kan. June 7, 2019) (Tenth Circuit courts sometimes recognize a three-day or five-day presumption for mailing purposes). Even with a five-day presumption for mailing purposes, Plaintiff filed her lawsuit *one hundred and six* (106) days after receiving the EEOC's Right to Sue Notice. Accordingly, Plaintiff's Complaint must be dismissed even with a five-day mailing presumption. Gardenhire v. Solomon Corp., No. 19-01001-EFM, 2019 WL 2409610, at *2 (D. Kan. June 7, 2019) (dismissing pro se plaintiff's Complaint because the complaint was untimely even when adding a three or five-day presumption for mailing purposes).

she has suffered certain injuries. [Doc. 1, at ¶3]. However, to plead a claim sufficient to survive a motion to dismiss, Plaintiff must allege that those characteristics are related to a statute and that the referenced statute was violated. Plaintiff did not do either. [See Doc. 1]. Accordingly, Plaintiff's Employment Discrimination Complaint must be dismissed for failure to state any cognizable federal or state claim upon which relief may be granted.

It appears from the face of Plaintiff's Employment Discrimination Complaint that Plaintiff claims to have been terminated because she suffered an injury. [Doc. 1, at ¶10]. At most, Plaintiff alleges a claim of workers' compensation retaliation, which is not a federal claim. Accordingly, this Court must dismiss Plaintiff's Employment Discrimination Complaint because this Court lacks subject matter jurisdiction over any possible claim for workers' compensation retaliation under state law.

## V.     CONCLUSION

Plaintiff's claim against UKHA fails for three fundamental reasons. First, she did not file her lawsuit within the time prescribed by Title VII. Second, she does not allege that any federal statute was violated. Third, she does not allege, and as a matter of law cannot show, sufficient facts to establish any cognizable claim upon which her lawsuit may be based. Accordingly, the Court should dismiss this action for failure to state a claim or alternatively grant summary judgment in favor of UKHA.

Respectfully submitted,

POLSINELLI PC


By: */s/ Henry J. Thomas*
    ERIC E. PACKEL (KS #23070)
    HENRY J. THOMAS (KS #26246)
    900 W. 48th Place, Suite 900
    Kansas City, MO 64112
    Telephone: (816) 753-1000
    Facsimile: (816) 753-1536
    epackel@polsinelli.com
    hthomas@polsinelli.com

ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

The undersigned hereby certify that on the 2nd day of March, 2020, a true and correct copy of the above and foregoing was electronically filed with the Clerk of the Court by using the Court's eFiling System, and a copy sent by U.S. Mail, postage prepaid, to the following:

Lakisha Shawn Day
5809 Larsen Lane
Shawnee, KS 66203
*Pro Se* Plaintiff


    */s/ Henry J. Thomas*
    Attorney for Defendant