## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

LAKISHA SHAWN DAY,

        *Plaintiff,*

  vs.

                                      Case No. 19-02788-EFM

UNIVERSITY OF KANSAS HOSPITAL
AUTHORITY,

        *Defendant.*

## MEMORANDUM AND ORDER

This matter comes before the court on Defendant University of Kansas Hospital Authority's ("UKHA") Motion to Dismiss (Doc. 8) for failure to state a claim and lack of subject matter jurisdiction. Pro se Plaintiff Lakisha Day sued UKHA alleging employment discrimination and workers' compensation retaliation. For the following reasons, the Court grants UKHA's motion to dismiss.

### I.      Factual and Procedural Background[1]

Day alleges UKHA treated her differently from other employees and terminated her employment after she filed a workers' compensation claim. Day was working one-on-one with a

---

[1] The facts are taken from Day's complaint and are considered true for the purposes of this motion.

client when another employee pulled a chair out from Day while she was in the process of sitting down. This incident caused Day to fall, hit her head, and injure her tailbone.

Due to these injuries, Day filed for workers' compensation and was seen by a doctor who diagnosed Day with a concussion and requested to see her again. However, Day was not eligible for future services under the workers' compensation claim because UKHA claimed the event was "horseplay." When Day questioned her supervisor, Kelly Braden, about this, Braden stated she did not recall saying it was horseplay and agreed to correct the report with workers' compensation so Day could be covered.

Day did not hear back from Braden updating the complaint, prompting her to reach out to Christopher Wilson, Employee Relations Specialist with UKHA. Day left messages for Wilson concerning the workers' compensation claim as well as "points" that had accumulated which Day contests their validity. Day claims these points are false and began after her workers' compensation claim. There is no record of Wilson acknowledging an issue with the workers' compensation claim, but he did encourage Day to use her own insurance to see her doctor.

Ultimately, Day's employment was terminated based on the accumulated points and she did not receive further workers' compensation coverage. Day alleges two male employees consistently violated attendance policies but were not terminated for these violations. There is no information concerning the race of the two employees. One of the employees has since been fired for injuring a client and the other terminated after Day reported the discrepancy to the Equal Employment Opportunity Commission ("EEOC").

The EEOC issued a right to sue letter on September 11, 2019. On December 31, 2019, Day brought this case for employment discrimination under Title VII and the ADA, as well as

workers' compensation retaliation.  UKHA now moves to dismiss the case for failure to state a claim and lack of subject matter jurisdiction.

## II.  Legal Standard

### A.  Failure to state a claim

Under Rule 12(b)(6), a defendant may move for dismissal of any claim which the plaintiff has failed to state a claim upon which relief can be granted.[2]  Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[3]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[4]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of claims as well as the grounds on which the claim rests.[5]

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.[6]  A presumption exists against jurisdiction and "the burden of establishing the contrary rests upon the party asserting jurisdiction."[7]  "Motions

---

[2] Fed. R. Civ. P. 12(b)(6).

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th  Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[5] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (citations omitted); *see also* Fed. R. Civ. P. 8(a)(2).

[6] *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

[7] *Id.*

to dismiss for lack of subject matter jurisdiction 'generally take one of two forms: (1) a facial attack on the sufficiency of the complaint's allegations as to subject matter jurisdiction; or (2) a challenge to actual facts upon which subject matter jurisdiction is based.'"[8]   If the motion challenges the sufficiency of the complaint's jurisdictional allegations, the district court must accept all factual allegations as true.[9]

## C.    Pro Se Standard

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers."[10]   A pro se litigant is entitled to a liberal construction of his pleadings.[11]   If a court can reasonably read a pro se complaint in such a way that it could state a claim on which it could prevail, it should do so despite "failure to cite proper legal authority…confusion of various legal theories… or [Plaintiff's] unfamiliarity with the pleading requirements."[12]   However, it is not the proper role of a district court to "assume the role of advocate for the pro se litigant."[13]   As it relates to motions to dismiss generally, "the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff."[14]   "Well-pleaded"

---

[8] *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 906 (10th Cir. 2004) (quoting *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir.2002), *cert. denied*, 538 U.S. 999 (2003)).

[9] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

[10] *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[11] *See Trackwell v. U.S. Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) ("Because Mr. Trackwell appears pro se, we review his pleadings and other papers liberally and hold them to a less stringent standard than those drafted by attorneys.").

[12] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[13] *Id.*

[14] *Ramirez v. Dep't of Corr., Colo.*, 222 F.3d 1238, 1240 (10th Cir. 2000).

allegations are those that are facially plausible such that "the court [can] draw the reasonable inferences that the defendant is liable for the misconduct alleged."[15]

### III.     Analysis

Defendant argues that the Court should dismiss Day's complaint for three reasons: 1) failure to file complaint within 90 days of receiving the right to sue notice from the EEOC, 2) failure to identify a federal statute on which the suit is based, and 3) failure to allege facts which would give rise to a claim.

### A.     Employment Discrimination Administrative Remedies

Construed liberally, Day's Complaint alleges employment discrimination under Title VII and the ADA.  However, she filed her suit after the time allowed.  Title VII and the ADA specifically give the Court subject matter jurisdiction under federal question jurisdiction.[16]  As a condition to filing suit in federal court, Title VII and the ADA require a plaintiff to submit a "charge" to the EEOC, and that submission must "be in writing under oath of affirmation."[17]  Then a plaintiff must obtain a right to sue letter from the EEOC and file suit in federal court within 90 days of receiving the letter.[18]

A federal court obtains jurisdiction over a suit brought under Title VII or the ADA after the plaintiff first exhausts administrative remedies.[19]  District courts typically dismiss unexhausted

---

[15] *Iqbal*, 556 U.S. at 678.

[16] 42 U.S.C. § 2000e-5(f)(3); 42 U.S.C. § 12117 (instructing the ADA follow the same "powers, remedies, and procedures" as Title VII).

[17] 42 U.S.C. § 2000e-5(b); *Gad v. Kan. State Univ.*, 787 F.3d 1032, 1035–36 (10th Cir. 2015).

[18] *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012).

[19] *Annett v. Univ. of Kan.*, 371 F.3d 1233, 1238 (10th Cir. 2004).

claims for lack of subject matter jurisdiction.[20]  They particularly do so when a plaintiff fails to file within the assigned 90 days.[21]  The Tenth Circuit has recognized a mailing presumption of three to five days where the receipt date for a right to sue letter is unknown.[22]

Day received her right to sue letter on September 11, 2019, and later filed her complaint on December 31, 2019—111 days later and 21 days beyond the assigned 90-day limitation.[23]  Even presuming a five-day delay for mailing purposes, Day filed 106 days after receiving the right to sue letter.  Thus, because Day filed her complaint after the 90-day time period, the Court must dismiss the employment discrimination claims for lack of subject matter jurisdiction under Rule 12(b)(1).

## B.   Workers' Compensation Retaliation

Construed liberally, Day's complaint could allege workers' compensation retaliation leading to wrongful termination.  UKHA moves to dismiss this claim because it is not a federal claim and therefore the Court lacks subject matter jurisdiction.

---

[20] *Kinney*, 505 F. App'x at 814; *but see Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1184–85 (10th Cir. 2018) (allowing courts to treat plaintiff's lack of filing an initial EEOC charge as an affirmative defense but does not bar a federal court from assuming jurisdiction).

[21] 42 U.S.C. 2000e-5(f)(1); *see also Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1161 (10th Cir. 2018) (explaining a plaintiff's "window" to sue closes after the 90 days allotted by the right to sue letter); *Kinney*, 505 F. App'x at 814.

[22] *See Lozano v. Ashcroft*, 258 F.3d 1160, 1165 (10th Cir. 2001) (citing *Witt v. Roadway Express*, 136 F.3d 1424, 1429–30 (10th Cir. 1998)) ("[W]e have implicitly sanctioned applying either a five-day or a three-day presumption.").

[23] Doc. 1, at 2, 5.

An action must be dismissed when it becomes apparent that the court lacks subject matter jurisdiction.[24]  There are two kinds of subject matter jurisdiction: federal question and diversity.[25]  Federal question jurisdiction is present when the action arises under the Constitution, laws, or treaties of the United States.[26]  Diversity jurisdiction exists when the plaintiff is a resident of a different state than each defendant and the amount in controversy exceeds $75,000.[27]  Further, federal courts may exercise jurisdiction over supplemental claims only when they have original jurisdiction over an underlying claim.[28]

Construed liberally, Day's allegation of falsified points after her injury could potentially rise to the level of workers' compensation retaliation under state law.  However, the Court does not have federal question jurisdiction over the state law claim because it does not arise under the United States Constitution, treaties, or federal law.  Nor does the Court have diversity jurisdiction since Day fails to allege that the parties are diverse or the amount in controversy exceeds $75,000.  Finally, the underlying federal claim was dismissed because it was not filed on time. Without original jurisdiction of an underlying claim, the Court does not have supplemental jurisdiction over the state law claim.[29]

---

[24] *Marcus v. Kansas Dept. of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citing Fed. R. Civ. P. 12(h)(3)); *see also Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.").

[25] 28 U.S.C. §§ 1331–32.

[26] 28 U.S.C. § 1331.

[27] 28 U.S.C. § 1332.

[28] 28 U.S.C. § 1367(a).

[29] 28 U.S.C. § 1367(c)(3).

The workers' compensation retaliation claim must also be dismissed due to the Court's lack of subject matter jurisdiction.  As a result, the Court will not address Defendant's third argument of failure to allege facts on which to base a claim.

**IT IS THEREFORE ORDERED** that Defendant University of Kansas Hospital Authority's Motion to Dismiss (Doc. 8) is **GRANTED.**

**IT IS SO ORDERED.**

Dated this 22nd day of June, 2020.

This closes the case.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE